United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-11469-pmm |
| Patrick T. Dunlap | Chapter 13 |
| Tamara J. Dunlap | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: May 07, 2021 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 09, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Patrick T. Dunlap, Tamara J. Dunlap, 141 E. Mohler Church Road, Ephrata, PA 17522-9226 |
| cr | | FREEDOM MORTGAGE CORPORATION, 10500 Kincaid Drive, Fishers, IN 46037-9764 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: rmcollections@belco.org | May 08 2021 02:16:00 | Belco Community Credit Union, 449 Eisenhower Blvd., Harrisburg, PA 17111 |
| cr | Email/PDF: resurgentbknotifications@resurgent.com | May 08 2021 02:19:57 | LVNV Funding LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |

TOTAL: 2

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 09, 2021                    Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 7, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DAVID W. PARK | on behalf of Creditor Belco Community Credit Union dpark@martsonlaw.com  teckenroad@martsonlaw.com |
| JILL MANUEL-COUGHLIN | on behalf of Creditor FREEDOM MORTGAGE CORPORATION bankruptcy@powerskirn.com |

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 2 of 2 |
| Date Rcvd: May 07, 2021 | Form ID: pdf900 | Total Noticed: 4 |

MICHAEL D. HESS
    on behalf of Joint Debtor Tamara J. Dunlap amburke7@yahoo.com

MICHAEL D. HESS
    on behalf of Debtor Patrick T. Dunlap amburke7@yahoo.com

REBECCA ANN SOLARZ
    on behalf of Creditor RoundPoint Mortgage Servicing Corporation bkgroup@kmllawgroup.com

SCOTT F. WATERMAN (Chapter 13)
    ECFMail@ReadingCh13.com

SCOTT F. WATERMAN (Chapter 13)
    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Patrick T. and Tamara J. Dunlap, | : | Chapter 13 |
| | : | |
| | : | |
| Debtors. | : | Bky. No. 20-11469 (PMM) |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #60 "the Application") filed by Michael D. Hess ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$6,502.00** for legal services provided for the period from February 4, 2020 to April 7, 2021:

**AND** the Application seeking reimbursement of expenses in the amount of $111.04,

**AND** this bankruptcy case having been dismissed on April 8, 2021,[1]

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

---

[1] The Application was filed prior to the dismissal.

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$5,201.60**. Counsel was paid $2,190.00 of this amount prior to the bankruptcy filing. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the time records and case docket, I am left unpersuaded that such extensive services were required to represent the interests of the Debtor.

The Application contains duplicate and or triplicate entries for tasks performed. E.g. "Review POC filed by Citibank" for .3 hours three (3) times on May 15, 2020 and "review Belco Community Credit Union . . . claims" .3 hours three (3) times on May 18, 2020.

I have therefore disallowed 20% of the requested amount. Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved. See Green Valley Beer, 281 B.R. at 259; In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991). See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

3. The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation ($5,201.60) less the $2,190.00 which was paid by the Debtor prepetition (for a remaining amount due of **$3,011.60**), as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4. The Chapter 13 Trustee may also distribute to the Applicant reimbursement of expenses in the amount of $111.04.

5. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

**Date: May 6, 2021**

*Patricia M. Mayer*

PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE